[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE PARAGRAPH (7)cOF COUNT TWO OF THE REVISED COMPLAINT
CT Page 1300
Facts
On October 18, 1993, the plaintiff, David Apicella, Jr., filed a three count complaint against First Church of Christ Congregational, Glastonbury, CFM Construction Corporation, a general contractor, and Eastern Connecticut Air Conditioning Company, a subcontractor. On October 15, 1993, HFP Corporation, his employer, filed a motion to join as co-plaintiff and file an intervening complaint. This motion was granted by the court, Allen, J., on November 15, 1993. On June 24, 1994, the plaintiff filed a revised three count complaint.
In his revised complaint, the plaintiff alleges that "[o]n October 10, 1991, and for a period of time prior thereto, the Plaintiff, David Apicella, Jr. was employed at a job site on the premises known as 2183 Main Street in the Town of Glastonbury, which job site was owned and/or controlled by the First Church of Christ Congregational, Glastonbury." (Plaintiff's Revised Complaint, Count One, ¶ 1). The plaintiff further alleges that on October 10, 1991, the plaintiff fell fifteen to twenty feet to the ground through an opening which had been cut in the attic floor of the premises located at 2183 Main Street.
In paragraph 7(c) of Count Two, directed at CFM Construction Corp. ("CFM"), the plaintiff alleges that CFM was negligent based on a violation of the federal Occupational Safety Health Act ("OSHA") Safety and Health Standards, 29 C.F.R. § 1910.23, and General Statutes § 31-370, a section within the Connecticut Occupational Safety Health Act ("OSHA"), General Statutes §§ 31-370 through 31-385.
On December 21, 1994, the co-plaintiff filed an amended intervening complaint incorporating the plaintiff's complaint and alleging that the plaintiff was employed by the co-plaintiff on, and prior to, October 10, 1991. The co-plaintiff further alleges that the plaintiff was compensated pursuant to the Connecticut Worker's Compensation Act. Therefore, the co-plaintiff claims that any damages received in the plaintiff's action should be apportioned to reimburse it for the amounts paid and future amounts it may become obligated to pay the plaintiff.
On March 1, 1995, CFM filed a motion to strike paragraph 7(c)[1] of Count Two of the plaintiff's revised complaint on CT Page 1301 the ground that the paragraph is legally insufficient in that it fails to state a claim upon which relief can be granted. As required by Practice Book § 155, on the same date, CFM filed a memorandum of law in support of its motion to strike. On March 17, 1995, the plaintiff filed a memorandum of law in opposition to CFM's motion to strike.
Standard
The purpose of a motion to strike "is to test the legal sufficiency of a pleading." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994). For example, the motion to strike "contest[s] the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). See also Practice Book § 152. "An individual paragraph of a complaint may be the proper subject of a motion to strike if it embodies an entire cause of action." Hanif v. Asvlum Hill, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 0392658 (March 10, 1993, Wagner, J.). In paragraph 7(c) the plaintiff maintains that the defendant, CFM, was negligent because it violated OSHA regulations.
In its memorandum in support of its motion to strike, CFM argues that an OSHA violation does not constitute a statutory negligence claim, i.e. negligence per se. In addition, CFM argues that because the plaintiff has not alleged an employment relationship with CFM, the plaintiff may not seek relief for damages under General Statutes § 31-370, the provision describing an employer's duty under OSHA.
Violation of OSHA as the Basis for a Claim of Negligence
In Wendland v. Ridgefield Construction Services, Inc.,184 Conn. 173, 439 A.2d 954 (1981), within the context of jury instructions the Connecticut Supreme Court addressed the question of whether failure to comply with OSHA constitutes negligence per se. The Court recognized that an employer's duty under OSHA is described in General Statutes § 31-370(a)[2] which provides that "[e]ach employer shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." Id., 176. CT Page 1302 Nevertheless, the Court noted the limitations placed on the reach of OSHA as described in General Statutes § 31-369(b)[3], which provides that "[n]othing in this chapter shall be construed to supersede or in any manner affect any workers' compensation law or to enlarge, diminish or affect in any manner common law or statutory rights, duties, or liabilities of employers or employees, under any law with respect to injuries, diseases or death of employees arising out of and in the course of employment." Id., 177-78.
The Court went on to describe the difference between negligence and negligence per se, stating that "[n]egligence per se operates to engraft a particular legislative standard onto the general standard of care imposed by traditional tort law principles, i.e., that standard of care to which an ordinarily prudent person would conform his conduct. To establish negligence, the jury in a negligence per se case need not decide whether the defendant acted as an ordinarily prudent person would have acted under the circumstances. They merely decide whether the relevant statute or regulation has been violated. If it has, the defendant was negligent as a matter of law. See Prosser, Law of Torts 36." Id., 178.
Based on this discussion, the Court concluded that the applicable standard of care is affected by application of negligence per se, as opposed to negligence. Id. The Court further concluded that because the standard of care is the key factor in determining liability, the application of negligence per se "affects common law rights, duties and liabilities of employers and employees with respect to injuries of employees arising out of and in the course of employment as those terms are used in 29 U.S.C. § 653(b)(4) and General Statutes § 31-369(b)." Id., 178-79. Therefore, the Court held that an OSHA violation does not constitute negligence per se. Id., 179. Nevertheless, the Court noted that this holding does not prevent admission of applicable OSHA regulations as evidence of the standard of care. Id., 181.
Turning to the present case, because an OSHA violation does not constitute negligence per se, paragraph 7(c) of Count Two fails to state a claim upon which relief can be granted. Accordingly, CFM's motion to strike paragraph 7(c) of Count Two is granted.
Scope of Employer's Duty
CT Page 1303
In its motion to strike, CFM alternatively argues, based on the language of General Statutes § 31-370(a), that because the plaintiff has not alleged an employment relationship with CFM, he may not seek recovery for damages pursuant to General Statutes § 31-370. General Statutes § 31-370(a) provides that "[e]ach employer shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." (Emphasis added.)
"One problem that has arisen under the Occupational Safety Health Act has been that of determining liability in the multiemployer situation. For example, should a general contractor be responsible, under 29 USCS § 654(a) [or General Statutes § 31-370] for safety violations hazardous to a subcontractor's workers?" 27 A.L.R. Fed. 943, 948 (1995). InBrennan v. Occupational Safety and Health Review Commission,513 F.2d 1032, 1037 (2nd Cir. 1975), in determining the scope of an employer's duty under OSHA, the Court of Appeals for the Second Circuit considered the effect of the language "his employees" used in 29 U.S.C. § 654(a)(1) and the definition of employee, "an employee of an employer who is employed in a business of his employer which affects commerce[,]" provided in29 U.S.C. § 652(6). The court concluded that "to draw from this a general rule that standards under the Act can be violated only when a cited employer's own employees are shown to be directly exposed to a violation of a standard seems to us to be wholly unwarranted. It also fails to give effect to . . . subparagraph (2) of § 654(a). That sub-paragraph requires employers to `comply with occupational safety and health standards promulgated under the Act.'"[4] Id. Therefore, the court held that "[t]his specific duty to comply with the Secretary's standards is in no way limited to situations where a violation of a standard is linked to exposure of his employees to the hazard. It is a duty over and above his general duty to his own employees under § 654(a)(1)." Id., 1038.
The Connecticut Supreme Court in Wendland v. RidgefieldConstruction Services, Inc., supra, 184 Conn. 176-77, in defining the scope of an employer's duty pursuant to General Statutes § 31-370, chose to "follow the approach taken by the Court of Appeals for the Second Circuit in the Brennan case. Thus, where an employer is in control of an area and responsible for its maintenance, . . . a violation occurs if any employees working CT Page 1304 on the project have access to the hazard." (Emphasis added.)
Turning to the present case, in paragraph 7(c) of Count Two, the plaintiff alleges a violation of General Statutes §31-370, not General Statutes § 31-370(a). As a result, CFM's duty is not limited to its own employees. Rather, pursuant to General Statutes § 31-370(c)1 if CFM was in control of the premises at 2183 Main Street and responsible for its maintenance, it would be liable to any employees working on the premises at 2183 Main Street who had access to hazards created by CFM. Accordingly, the lack of an employment relationship between the plaintiff and CFM, pursuant to an allegation of an OSHA violation, does not constitute an alternate basis for granting CFM's motion to strike.
Hale, J.